UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY R. BURD, as Trustee of the
Victoria B. Uselton Irrevocable Trust, a
Florida Trust,

      Plaintiff,

v.                                                                    Case No: 8:17-cv-2817-T-35JSS

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

      Defendant.

_____/

## ORDER

THIS MATTER is before the Court on Defendant's Motion to Compel Depositions of Terry R. Burd (Trustee) and Michael Uselton ("Motion"). (Dkt. 15.) Upon consideration, the Motion to Compel is granted in part and denied in part.

## BACKGROUND

On October 26, 2017, Terry Burd filed this action as the Trustee of the Victoria B. Uselton Irrevocable Trust, a Florida Trust, in the Circuit Court of the Twelfth Circuit in and for Manatee County, Florida. (Dkt. 2.) On November 21, 2017, Defendant removed the action to this Court. (Dkt. 1.) On April 18, 2018, the Court entered its Case Management and Scheduling Order. (Dkt. 14.) The deadline for discovery was set for August 1, 2018, and trial was scheduled for the March 2019 trial term. (*Id.*)

In its initial disclosures, Plaintiff identified Terry Burd and Michael Uselton as witnesses who had substantial knowledge regarding the issues in this lawsuit. (Dkt. 15 at 1.) Both witnesses were listed as being available "c/o Ellis, Ged & Bodden, PA," counsel for Plaintiff. (*Id.*) On July 10, 2018, Defendant requested dates from Plaintiff's counsel for the depositions of Burd and

Uselton. (*Id.* at 2.) Despite Defendant's multiple attempts to schedule the depositions, Plaintiff's counsel has failed to provide dates for the witnesses' depositions. (*Id.*) Defendant now requests the Court to compel Plaintiff to produce Burd and Uselton for deposition on July 31 and August 1, 2018, respectively. (*Id.*) In the alternative, Defendant requests an extension through August 10, 2018, to take the depositions. The Court ordered Plaintiff to file an expedited response on or before July 27, 2018, at 12:00 p.m. and advised Plaintiff that failure to respond would result in the Court considering the Motion unopposed. (Dkt. 16.) To date, Plaintiff has failed to file a response to the Motion.

## APPLICABLE STANDARDS

"A party may, by oral questions, depose any person, including a party, without leave of court," except in certain situations not applicable here. Fed. R. Civ. P. 30(a)(1). Federal Rule of Civil Procedure 30(a)(1) provides that the attendance of witnesses may be compelled by subpoena as provided in Rule 45. *Id.* A subpoena is unnecessary to take the deposition of a party or of an officer, director, or managing agent of a party. *Karakis v. Foreva Jens Inc.*, 08-61470-CIV-COHN, 2009 WL 113456, at *1 (S.D. Fla. Jan. 19, 2009) ("Only a party to the litigation may be compelled to give deposition testimony pursuant to a notice of deposition."). However, Rule 30(b) requires a party desiring to take a deposition to give written notice of the deposition. Fed. R. Civ. P. 30(b); 9A Charles Alan Wright, et al., Federal Practice and Procedure: Civil § 2460 (3d ed. 2018) ("Service of the notice of taking of the deposition is enough to require [a party] to appear and to expose the party to sanctions under Rule 37(d) if they fail to do so."). District courts have broad discretion in managing pretrial discovery matters and in deciding whether to grant motions to compel. *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002); *Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984) (per curiam).

## ANALYSIS

Here, Defendant argues that Plaintiff identified Terry Burd and Michael Uselton as witnesses with knowledge of the issues in this lawsuit and that Plaintiff's counsel indicated both witnesses would be produced through him. (Dkt. 15 at 1.) Despite the Court's Order directing Plaintiff to respond to the Motion, Plaintiff has failed to file a response. Consequently, the Court presumes Plaintiff has no objection to Defendant's Motion. *See* M.D. Fla. Local R. 3.01(b). However, Defendant does not indicate that it noticed either individual for deposition in compliance with Rule 30(b) or served them with subpoenas under Rule 45. *See* Fed. R. Civ. P. 30(b), 45. Defendant states that it merely "reached out to counsel for Plaintiff on multiple occasions" to request dates for the depositions. (Dkt. 15 at 2.) Therefore, Defendant's request to compel the depositions of Terry Burd and Michael Uselton is denied without prejudice.

Alternatively, Defendant requests an extension of the discovery deadline through August 10, 2018, to take the requested depositions. (Dkt. 15 at 2.) Pursuant to Local Rule 3.02, a party desiring to take the deposition of any person shall give at least fourteen days' notice in writing to every other party to the action and to the deponent, if the deponent is not a party. M.D. Fla. Local R. 3.02. An extension through August 10, 2018, would not comply with notice requirement of Local Rule 3.02. Therefore, the Court will grant Defendant an extension of fourteen days from the date of this Order for the sole purpose of deposing Terry Burd and Michael Uselton. Accordingly, it is

**ORDERED**:

1. Defendant's Motion to Compel Depositions of Terry R. Burd (Trustee) and Michael Uselton (Dkt. 15) is **GRANTED** in part and **DENIED** in part.

2. Defendant's request to compel Terry Burd and Michael Uselton's depositions is denied without prejudice.

3. The discovery deadline is extended through August 15, 2018, to allow the depositions of Terry Burd and Michael Uselton.

**DONE** and **ORDERED** in Tampa, Florida, on August 1, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record